# POLLOCK | COHEN LLP
111 BROADWAY, SUITE 1804
NEW YORK, NY 10006
(212) 337-5361



*CONTACT:*
Adam Pollock
Adam@PollockCohen.com
(646) 290-7251

February 6, 2023

**VIA ECF**

The Honorable Katherine Polk Failla
U.S. District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

    Re:    *The Pullman Group LLC v. Bauknight et al.* (No. 22-cv-9713)

Dear Judge Failla:

    We represent Plaintiff in the above-referenced action. We write to request a pre-motion conference in advance of our intended motion to disqualify Defendants' counsel and to seek leave to file privileged materials under seal and *in camera*.

## *Motion to Disqualify*

    Our forthcoming motion will only seek to disqualify, under Professional Rule 1.18(c) ("Duties to Prospective Clients"), Defendants' local counsel: Rosenberg, Giger and Perala P.C. (We do not intend to seek disqualification of Defendants' main counsel at Nexsen Pruet LLC.)

    In January and February of 2020, Mr. David Pullman (the Founder, Chairman and CEO of the Pullman Group) engaged in a series of communications with John Rosenberg, Esq., his partner, and/or associates of his firm, that included detailed discussions of contractual provisions that will also be at issue in this litigation. While these communications pertained to a separate, related litigation (*The Pullman Group, LLC v. Isley Brothers et al.*, SDNY no. 1:20-cv-07293), the key contractual provisions at issue in that litigation, and which Mr. Pullman discussed in depth with Mr. Rosenberg, are virtually identical to the key contractual legal provisions at issue in this case.

    <u>Indeed, Mr. Pullman's analysis is a near mirror of Mr. Rosenberg's pre-motion to dismiss in this case</u>. (ECF no. 29.) Among other things, Mr. Pullman shared with Mr. Rosenberg privileged and confidential information concerning potential claims, as well as Mr. Pullman's key strategies, thinking, and litigation strategy on how to approach certain contractual arguments. This information was shared via multiple emails and multiple phone conversations between Messrs. Rosenberg and Pullman. It included Mr. Pullman's views concerning specific contractual provisions and, apparently, a confidential, 11-page single-spaced "litigation statement," and all supporting exhibits,

"… that was for mediation the other side never saw it." *See* Jan. 29, 2020 email from D. Pullman to J. Rosenberg.

NY Rules of Prof. Conduct Rule 1.18 governs duties to prospective clients such as The Pullman Group LLC in these circumstances. It provides that:

> (b) Even when no client-lawyer relationship ensues, a lawyer who has learned information from a prospective client shall not use or reveal that information… [and]
>
> (c) A lawyer subject to paragraph (b) shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter….

It follows that when a party's "description of the matters, coupled with the circumstances surrounding the meeting, give rise to a reasonable inference that confidences were revealed," disqualification is necessary. *See, e.g.*, *Bank Hapoalim B.M. v. WestLB AG*, 82 A.D.3d 433 (1st Dep't 2001). These rules exist to preserve "the integrity of the adversary process. … A party ought not to have to face in court an attorney whom that party treated as a personal confidante, and potential legal representative, with regard to the very matter being litigated." *Miness v. Ahuja*, 762 F. Supp. 2d 465, 481 (E.D.N.Y. 2010).

### *Motion to Seal & Submit Documents in Camera*

In support of our forthcoming motion, we seek the Court's leave to submit *in camera* and under seal the privileged emails between Messrs. Pullman and Rosenberg. *See, e.g.*, *Amley v. Sumitomo Mitsui Banking Corp.*, 2020 WL 8514825, at *3 (S.D.N.Y. Dec. 8, 2020) (sealing and *in camera* review are warranted under the *Lugosch* standard for privileged emails).

### *Conclusion*

I conferred with Mr. Rosenberg as to the conflict issue on January 19 and again on January 25. I followed up with a detailed letter on January 31. Mr. Rosenberg responded this afternoon, February 6, stating his view that the prior litigation is not "substantially related".

The Pullman Group should not have to litigate against counsel holding most, if not all, of its litigation strategies. Here, we submit that the parties can focus on the issues in this case, and avoid unnecessary motion practice, by Nexsen Pruet LLC hiring new local counsel.

Thank you for Your Honor's consideration in this matter.

Sincerely,

/s/ *Adam Pollock*

Adam Pollock

The Court is in receipt of Plaintiff's above letter regarding a potential motion to disqualify Rosenberg, Giger and Perala P.C. from this matter.  The parties should be prepared to discuss Plaintiff's anticipated motion, as well as Plaintiff's request to file privileged communications between Mr. Pullman and Mr. Rosenberg *in camera* and under seal, at the conference scheduled for **February 8, 2023**.  Given this accelerated timeframe, Defendants may, but are not required to, file a letter response ahead of that conference.

The Clerk of Court is directed to terminate the motion at docket entry 38.

Dated:     February 6, 2023
           New York, New York

SO ORDERED.

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

POLLOCK | COHEN LLP