

Farrah R. Berse
DIRECT 917.747.6316
EMAIL   Farrah.Berse@maynardnexsen.com

April 21, 2023

**VIA ECF AND EMAIL**

The Honorable Katherine Polk Failla
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *The Pullman Group LLC v. The Estate of James Brown, et al.*,
              **No. 1:22-cv-9713 (KPF)**

Dear Judge Failla

    We represent Defendants[1] in the above-captioned matter and write on behalf of all parties to provide the following updates requested by the Court on March 22, 2023:[2]

    *First*, on April 20, 2023, Farrah Berse of Maynard Nexsen PC filed a notice of appearance to act as new local counsel for Defendants.

    *Second*, Plaintiff The Pullman Group LLC ("TPG") does not intend to amend its Complaint, at this time.

    *Third*, Defendants intend to move to dismiss the Complaint for a number of the reasons set forth in Defendants' prior counsel's January 17, 2023 letter to the Court (the "Pre-Motion Letter"). *See* Dkt. 29.

    In that regard, Defendants wish to provide a further update regarding the pending litigation in South Carolina between TPG and the Estate, *The Pullman Group LLC v. Russell Bauknight, Personal Representative of the Estate of James Brown*, Case Nos. 2007-CP-02-00122, Case No.

---

[1] The active Defendants in this matter are The Estate of James Brown (the "Estate"); James Brown Enterprises, Inc.; James Brown, LLC; and Shot Tower Capital LLC. This firm also represents Primary Wave Music Publishing LLC, which was originally named as a defendant but dismissed voluntarily on February 28, 2023. Dkt. 46.

[2] On March 23, 2023, the Court Ordered that within thirty days, the parties "inform the Court of new local counsel [for Defendants], . . . submit a proposed deadline for an amended complaint to be filed; . . . inform the Court if [Defendants] intend on filing an Answer or a motion to dismiss to the amended complaint, and submit a proposed deadline/schedule for their response."

2008-CP-02-01647, which was mentioned in the Pre-Motion Letter. Currently pending before the South Carolina case is a motion to dismiss TPG's claim against the Estate for breach of the same February 24, 1999 Engagement Letter at issue in this action. Judge Newman heard argument on that motion on April 14, 2023 and has instructed TPG to file any written opposition to the Estate's motion by April 24, 2023. Defendants anticipate Judge Newman to rule expeditiously thereafter.[3]

*Finally*, the parties have been unable to agree on a briefing schedule on Defendants' forthcoming motion to dismiss. For the reasons discussed below, Defendants propose the following schedule:

- o June 5, 2023: Defendants' motion and opening brief
- o June 26, 2023: TPG's opposition brief
- o July 10, 2023: Defendants' reply brief

As noted above, Ms. Berse appeared in this case as local counsel for Defendants yesterday, April 20, 2023, and is in the process of getting up to speed on the matter. Separately, Ms. Berse is trial counsel to Defendants Nippon Chemi-Con and United Chemi-Con in an antitrust case captioned *Avnet Inc. v. Hitachi Chemical Co. Ltd., et al.,* Case No. 17-cv-07046-JD, pending in front of Judge Donato in the Northern District of California. At a pretrial conference earlier this week, Judge Donato confirmed that that case will proceed to trial on May 8 or 9. We have a further pretrial conference scheduled with the Court on April 27. Given that Court's schedule, and the number of hours Judge Donato has given each side for trial, we anticipate trial will last two-to-three weeks, ending some time before the Memorial Day weekend. In order to allow time for Ms. Berse to return from trial and provide input on the motion to dismiss, Defendants are therefore requesting that their opening brief be due the Monday after the holiday week, June 5, 2023.

On April 18, we reached out to Plaintiff's counsel to meet and confer on the issue of a briefing schedule to try to reach agreement. It was not until 12:19 p.m. today (April 21) that Plaintiff substantively responded to those requests, and confirmed for Defendants that it does not intend to amend its Complaint. In light of that, Defendants promptly proposed the above schedule to Defendants. It was not until 4:58 p.m. today that Plaintiff provided a substantive response to this proposal, and raised for the first time the issue of the discovery stay. Defendants continue to believe that a discovery stay is appropriate in this case, particularly given the status of the South Carolina case. *See* Dkt. 30. If the Court wishes to address the discovery stay issue at this time, Defendants respectfully request until April 28 to respond substantively to Plaintiff's arguments about the stay. In the meantime, however, Defendants respectfully submit that in light of counsel's

---

[3] Regardless of the outcome, Judge Newman's ruling will have significant preclusive impacts in this action. A ruling that TPG has no enforceable rights under the Engagement Letter would, under settled rules of claim preclusion, require dismissal of TPG's complaint here. On the other hand, if Judge Newman denies dismissal under South Carolina Rule 12(b)(6), there would be little point in the Estate seeking dismissal of the complaint here under federal Rule 12(b)(6). Alternatively, a ruling by Judge Newman that TPG's claim is barred by the nonclaim statute of the South Carolina Probate Code would require dismissal of this action because (1) the nonclaim statute provides immunity from suit, not just from liability; and (2) further proceedings would be pointless because TPG could never collect on any judgment it might be able to obtain.



trial commitment, the above schedule be ordered with respect to Defendants' forthcoming motion to dismiss.[4]

*Plaintiff's Position*

Plaintiff responds to Defendants' third and final points as follows. While Plaintiff is more than willing to accommodate scheduling constraints — and certainly cannot object to a lawyer's trial schedule — Plaintiff is prejudiced by delays that stymie Plaintiff's efforts to have its claims heard in the parties' agreed-upon forum. As detailed below, we respectfully submit that discovery should proceed in the meantime.

Plaintiff filed this case on November 15, 2022. Defendants asked for two months to respond, until January 17, and Plaintiff of course agreed. (ECF no. 23.) Defendants also argued that discovery should be stayed pending their anticipated motion to dismiss, including because the Court lacked diversity jurisdiction. (ECF no. 30.)

During this time, Defendants hired conflicted local counsel, and we immediately called him to respectfully ask him to withdraw, given the conflict based on his prior communications with Mr. Pullman. As Your Honor knows, local counsel did not withdraw; the parties briefed the matter expeditiously; the Court disqualified local counsel; and the Court gave Defendants 30 days to select new local counsel. The Court also entered a temporary stay of discovery while these issues were being resolved. In the meantime, Defendants' argument that this Court lacks diversity jurisdiction was mooted by Plaintiff's February 26, 2023 dismissal without prejudice of its claims against allegedly non-diverse party Primary Wave Music Publishing LLC.

On, April 18, *twenty-seven days after* the Court's order directing Defendants to select new counsel within 30 days, Plaintiff learned for the first time that Defendants' main counsel have selected their own colleague, at the New York office of their firm (Maynard Nexsen), to be local counsel. The counsel they selected has a trial coming up, and therefore asks to file Defendants' anticipated motion to dismiss on June 5, nearly <u>seven months after the complaint was filed</u>. It is unfair to further delay resolution of Plaintiff's claims because Defendants have chosen to engage local counsel who does not have time to assist their primary counsel in responding to the Complaint.

To mitigate this, if the Court adopts Defendants' proposed briefing schedule, the Court should at least order that the parties begin discovery immediately. Discovery should include, *inter alia*, responses to Plaintiff's request for production dated <u>January 19, 2023</u>. In addition, since (to our understanding) the discovery stay was based on the anticipated disqualification

---

[4] To the extent that Plaintiff's counsel is suggesting below that Defendants' main counsel could have engaged colleagues from their firm as local New York counsel earlier, Defendants note that prior to April 1, 2023, Defendants' main counsel were affiliated with Nexsen Pruet LLC, which did not have a New York office. On April 1, 2023, Nexsen Pruet LLC merged with Maynard Cooper & Gale P.C., the firm with which Ms. Berse was previously affiliated.



The Honorable Katherine Polk Failla
April 21, 2023
Page 4

motion and potential lack of diversity jurisdiction, there is no longer any reason why discovery should be stayed.

Finally, Plaintiff disagrees with Defendants' description of the South Carolina proceedings. As Defendants know, including through prior correspondence to this Court (ECF no. 33), Plaintiff submitted a claim to the Estate in South Carolina solely to avoid any argument that it was forfeited under the S.C. Probate Code. When the Personal Representative of the Estate disallowed the claim, Petitioner was required to commence the South Carolina action challenging the determination.[5] Plaintiff has consistently maintained that this Court (i.e. the Southern District of New York) is the proper forum for its claims pursuant to the Engagement Letter's exclusive forum selection clause. (Defendants do not dispute that that clause governs the claims at issue here, even if they now wish for them to be heard in South Carolina instead.) Accordingly, Plaintiff's opposition to Defendant's motion to dismiss the South Carolina Petition will argue that the South Carolina court should enforce the forum selection clause and stay proceedings pending resolution of this case.[6] Plaintiff believes Judge Newman will respect and enforce the forum selection clause, and there is no reason to credit Defendants' expectation that Judge Newman will issue any decision that would "have significant preclusive effects on this action."

Defendants' footnote 4 seem to suggest that because Defendants have stalled this case while accelerating the South Carolina action (including objecting to a four-day extension request, *see* n.6) this Court should reward their efforts to circumvent the Engagement Letter's exclusive forum selection clause by waiting for the South Carolina court to rule on it first and then deferring to that Court's views. This is wrong for several reasons. First, as noted above, there is no reason to assume Judge Newman will disregard the forum selection clause that even Defendants concede applies. Second, even if Judge Newman did rule "expeditiously" on the merits, as Defendants apparently desire, that ruling would not be final or binding until all appeals are exhausted. And any ruling issued in violation of the Engagement Letter's exclusive forum selection clause would be subject to collateral attack. Thus, even in the unlikely event that Judge Newman does not enforce the forum selection clause, the "preclusive impact" of that ruling would be limited, at best. The Court should not reward Defendants' gamesmanship and advancement of duplicative litigation in an improper forum.

For the above reasons, Plaintiff has no objection to Defendants' proposed briefing schedule, *if* the parties are directed to immediately begin discovery. If not, Plaintiff requests that

---

[5] On September 29, 2022, Plaintiff filed a 2-page Petition, which Defendants' motion to dismiss argued is "entirely devoid of allegations concerning the factual and legal basis for Pullman's claim." Now Defendants suggest that the South Carolina court is somehow poised to resolve the complicated legal and factual disputes detailed in Plaintiff's New York complaint, notwithstanding the agreement's mandatory New York forum selection clause.

[6] In the South Carolina proceeding, Plaintiff asked for four additional days to oppose the motion to dismiss (14 days instead of 10 days), which the Maynard Nexsen firm *opposed* in its correspondence with the South Carolina court *today*, while at the same time Maynard Nexsen is seeking the professional courtesy of extending out their date for the SDNY motion to dismiss to June.



The Honorable Katherine Polk Failla
April 21, 2023
Page 5

all dates be moved forward by one month (i.e. to May 5, 2023: Defendants' opening brief; May 26, 2023: TPG's opposition brief; June 10, 2023: Defendants' reply brief.)  If the Court entertains Defendants' request for further briefing concerning the discovery stay, Plaintiff asks that it also be permitted to file supplemental briefing on that topic.

        Respectfully submitted,


        Farrah R. Berse
        Counsel for Defendants

        Adam Pollock
        Counsel for Plaintiff

